# EXHIBIT C



# ROCKLAND FIRE DEPARTMENT

P.O. BOX 542
360 Union Street
Rockland, MA 02370-0542

Scott F. Duffey, *Chief*
David Wooley, *Deputy Chief*

Phone  (781) 878-2123
Fax      (781) 982-0302

## NOTICE OF CONTEMPLATED TERMINATION

July 20, 2017

First Class Mail, Certified Mail RRR, & E-Mail

Mr. Craig A. Erickson
56 Hatherly Road
Rockland, MA 02370

Dear Lieutenant Erickson:

Pursuant to G.L. c. 31, § 41 I am contemplating terminating you from permanent civil service position of lieutenant. The specific reasons for this action are that you engaged in conduct unbecoming of a Rockland Fire Lieutenant, specifically for the reasons listed below:

The specific incidents upon which this contemplated termination are based are as follows:

1. On March 10th and 16, 2017, you were engaged in secondary employment on days you were scheduled to work for the Rockland Fire Department, but were on paid sick leave. You did not seek or receive permission or approval from the Fire Chief for this activity. This conduct violates Rockland Fire Department Standard Operating Guideline – 15.03.

2. On or before April 2, 2017, you were cleared to return to duty by your treating physician. You failed to notify the department and received sick pay for your scheduled shift on April 3, 2017.

3. You were issued an order on March 13, 2017 not to deploy for your NDMS/DMAT training while you were on sick leave. You were advised that doing so would constitute abuse of sick leave. You deployed for NDMS/DMAT training on April 2, 2017 while still on sick leave.

4. Following an investigatory interview on June 12, 2017, you were ordered to provide documentation relating to when you were cleared for duty by your treating physician, as well as payroll records from your secondary employer Industrial Rescue, and from your federal NDMS/DMAT employment. The order was repeated to you on June 19, 2017. On June 26, 2017, you were ordered to comply with the foregoing orders by July 6, 2017. You have failed to provide any of the above information, despite multiple orders to do so.

5. You failed to report for duty or call in sick on June 28, 2017, as required under the Rules and Regulations. Prior to this date, you had called in sick as required.

The foregoing conduct violates the following Rockland Fire Department Rules and Regulations and Standard Operating Guidelines:

- Rockland Fire Department Rules and Regulations

    o 1.1 – Disobeying general orders
    o 1.2 – Insubordination
    o 1.4 – Conduct unbecoming an officer
    o 1.5 – Making false statements regarding illness
    o 1.12 – Absent without leave
    o 3.1 – Failure to report for duty
    o 3.10 – Falsifying information and/or misrepresenting himself on department reports and/or paperwork

- Rockland Fire Department Standard Operating Guideline – 15.03 – Sick leave policy (9/14/15) – Engaging in secondary employment without permission of Fire Chief, and on days for which the employee receives sick leave from the Rockland Fire Department.

In making the decision to recommend terminating your employment, I also considered your prior record of discipline, which includes the following:

1. March 5, 2013: Verbal reprimand for failing to complete 39 departmental incident reports;

2. March 29, 2013: Written reprimand for failing to provide the Town of Abington with a mutual aid ambulance;

3. February 11, 2014: Written reprimand for excessive absenteeism thus jeopardizing the Department's ability to maintain appropriate levels of staffing;

4. February 28, 2014: Written reprimand for safety violations that placed others on scene at risk including freelancing on the fire ground without orders from the Incident Command and failing to wear the appropriate safety equipment;

5. February 25, 2015:  Written reprimand for conduct unbecoming a superior officer for failing to properly direct his group on the fire ground at a mutual aid call. Specifically, Lieutenant Erickson was unable to execute a clear order from Chief John Nuttall of the Abington Fire Department with regard to venting a roof resulting in an order from Chief Nuttall that Lieutenant Erickson not respond to any emergencies in Abington until completing basic safety training;

6. March 15, 2016: Written reprimand for failing to obey orders with regard to the completion and proper documentation of a written investigation form for Chief Duffey;

7. March 15, 2016: Written reprimand for conduct unbecoming an officer for failing to properly file incident reports;

8. December 28, 2016 – Forty-eight (48) hour unpaid suspension for failure to properly supervise firefighters under his command.

In making the decision to move forward with the termination process, <u>I did not consider your recent thirty (30) day unpaid suspension</u>, as that matter remains under appeal. Your recent conduct demonstrates a complete disregard for clearly established Rules and Regulations and Standard Operating Guidelines. You have also shown a contempt for clear and unambiguous orders that were issued to you on multiple occasions. Your conduct should also be considered deceptive and fraudulent insofar as you were receiving wages from other employers while simultaneously receiving sick leave compensation from the Rockland Fire Department.

Given the seriousness of your recent conduct, I am recommending that you be terminated, as the Town will show that there is more than sufficient evidence to support the finding that there is just cause for your termination. You will be given a full hearing regarding the above conduct before a hearing officer appointed by me.  The hearing will take place at the following time and location:

> **Date:**  August 8, 2017
> **Time:**  9:00 AM
> **Location:** Rockland Town Hall

I reserve the right to modify or amend these charges in the event that further information regarding potential misconduct arises.  In the event that the Town amends the charges, it will provide proper notice to you in conformance with G.L. c. 31, Section 41.

Effective with receipt of this notice, you are being placed on paid administrative leave. You are prohibited from entering the Rockland Fire Station without my express permission while on paid administrative leave. You are not to perform any duties associated with your position as a lieutenant in the Rockland Fire Department while you are on paid administrative leave.

Enclosed please find copies of G.L. c. 31, §§ 41-45.  Assuming you are represented by counsel, please have your counsel contact Attorney John Clifford should you have any questions.


Sincerely,

Scott Duffey,
Fire Chief

Enclosures:  G.L. c. 31, §§ 41-45
             Disciplinary Record

 Print

| |
|---|
| **PART I** ADMINISTRATION OF THE GOVERNMENT |
| **TITLE IV** CIVIL SERVICE, RETIREMENTS AND PENSIONS |
| **CHAPTER 31** CIVIL SERVICE |
| **Section 41** Discharge; removal; suspension; transfer; abolition of office; reduction of rank or pay; hearings; review |

Section 41. Except for just cause and except in accordance with the provisions of this paragraph, a tenured employee shall not be discharged, removed, suspended for a period of more than five days, laid off, transferred from his position without his written consent if he has served as a tenured employee since prior to October fourteen, nineteen hundred and sixty-eight, lowered in rank or compensation without his written consent, nor his position be abolished. Before such action is taken, such employee shall be given a written notice by the appointing authority, which shall include the action contemplated, the specific reason or reasons for such action and a copy of sections forty-one through forty-five, and shall be given a full hearing concerning such reason or reasons before the appointing authority or a hearing officer designated by the appointing authority. The appointing authority shall provide such employee a written notice of the time and place of such hearing at least three days prior to the holding thereof, except that if the action contemplated is the separation of such employee from employment because of lack of work, lack of money, or abolition of position the appointing authority shall provide such employee with such notice at least seven days prior to the holding of the hearing and shall also include with such notice a copy of sections thirty-nine and forty. If such hearing is conducted by a hearing officer, his findings shall be reported forthwith to the appointing authority for action. Within seven days after the filing of the report of the hearing officer, or within two days after the completion of the hearing if the appointing authority presided, the appointing authority shall give to such employee a written notice of his decision, which shall state fully and specifically the reasons therefor. Any employee suspended pursuant to this paragraph shall automatically be reinstated at the end of the first period for which he was suspended. In the case of a second or subsequent suspension of such employee for a period of more than five days, reinstatement shall be subject to the approval of the administrator, and the notice of contemplated action given to such employee shall so state. If such approval is withheld or denied, such employee may appeal to the commission as provided in paragraph (b) of section two.

A civil service employee may be suspended for just cause for a period of five days or less without a hearing prior to such suspension. Such suspension may be imposed only by the appointing authority or by a subordinate to whom the appointing authority has delegated authority to impose such suspensions, or by a chief of police or officer performing similar duties regardless of title, or by a subordinate to whom such chief or officer has delegated such authority. Within twenty-four hours

after imposing a suspension under this paragraph, the person authorized to impose the suspension shall provide the person suspended with a copy of sections forty-one through forty-five and with a written notice stating the specific reason or reasons for the suspension and informing him that he may, within forty-eight hours after the receipt of such notice, file a written request for a hearing before the appointing authority on the question of whether there was just cause for the suspension. If such request is filed, he shall be given a hearing before the appointing authority or a hearing officer designated by the appointing authority within five days after receipt by the appointing authority of such request. Whenever such hearing is given, the appointing authority shall give the person suspended a written notice of his decision within seven days after the hearing. A person whose suspension under this paragraph is decided, after hearing, to have been without just cause shall be deemed not to have been suspended, and he shall be entitled to compensation for the period for which he was suspended. A person suspended under this paragraph shall automatically be reinstated at the end of such suspension. An appointing authority shall not be barred from taking action pursuant to the first paragraph of this section for the same specific reason or reasons for which a suspension was made under this paragraph.

If a person employed under a provisional appointment for not less than nine months is discharged as a result of allegations relative to his personal character or work performance and if the reason for such discharge is to become part of his employment record, he shall be entitled, upon his request in writing, to an informal hearing before his appointing authority or a designee thereof within ten days of such request. If the appointing authority, after hearing, finds that the discharge was justified, the discharge shall be affirmed, and the appointing authority may direct that the reasons for such discharge become part of such person's employment record. Otherwise, the appointing authority shall reverse such discharge, and the allegations against such person shall be stricken from such record. The decision of the appointing authority shall be final, and notification thereof shall be made in writing to such person and other parties concerned within ten days following such hearing.

Any hearing pursuant to this section shall be public if either party to the hearing files a written request that it be public. The person who requested the hearing shall be allowed to answer, personally or by counsel, any of the charges which have been made against him.

If it is the decision of the appointing authority, after hearing, that there was just cause for an action taken against a person pursuant to the first or second paragraphs of this section, such person may appeal to the commission as provided in section forty-three.

Saturdays, Sundays and legal holidays shall not be counted in the computation of any period of time specified in this section.

Notice of any action taken under this section shall be forwarded forthwith by the appointing authority

to the personnel administrator.

 Print

| PART I ADMINISTRATION OF THE GOVERNMENT |
| TITLE IV CIVIL SERVICE, RETIREMENTS AND PENSIONS |
| CHAPTER 31 CIVIL SERVICE |
| Section 41A Discharge, removal or suspension; hearing before disinterested hearing officer; review |

Section 41A. Upon the request of the appointing authority and a tenured employee, who is entitled to a hearing pursuant to the first paragraph of section forty-one, a hearing before a disinterested hearing officer, designated by the chairman of the commission, may be held in lieu of a hearing before the appointing authority. Such hearing officer shall make findings of facts and may make recommendations for decision to the commission. Following the decision of the commission, there shall be no appeal pursuant to the provisions of section forty-three; provided, however, that a petition to review may be filed pursuant to the provisions of section forty-four. All requirements relative to written notice and the holding of hearings pursuant to this section shall be governed by those set forth in section forty-one.

 Print

---

**PART I** ADMINISTRATION OF THE GOVERNMENT

**TITLE IV** CIVIL SERVICE, RETIREMENTS AND PENSIONS

**CHAPTER 31** CIVIL SERVICE

**Section 42** Complaints; hearings; jurisdiction; filing of civil action

---

Section 42. Any person who alleges that an appointing authority has failed to follow the requirements of section forty-one in taking action which has affected his employment or compensation may file a complaint with the commission. Such complaint must be filed within ten days, exclusive of Saturdays, Sundays, and legal holidays, after said action has been taken, or after such person first knew or had reason to know of said action, and shall set forth specifically in what manner the appointing authority has failed to follow such requirements. If the commission finds that the appointing authority has failed to follow said requirements and that the rights of said person have been prejudiced thereby, the commission shall order the appointing authority to restore said person to his employment immediately without loss of compensation or other rights.

A person who files a complaint under this section may at the same time request a hearing as to whether there was just cause for the action of the appointing authority in the same manner as if he were a person aggrieved by a decision of an appointing authority made pursuant to all the requirements of section forty-one. In the event the commission determines that the subject matter of such complaint has been previously resolved or litigated with respect to such employee, in accordance with the provisions of section eight of chapter one hundred and fifty E, or is presently being resolved in accordance with said section eight, the commission shall forthwith dismiss such complaint. If said complaint is denied, such hearing shall be conducted and a decision rendered as provided by section forty-three.

The supreme judicial court or the superior court shall have jurisdiction over any civil action for the reinstatement of any person alleged to have been illegally discharged, removed, suspended, laid off, transferred, lowered in rank or compensation, or whose civil service position is alleged to have been illegally abolished. Such civil action shall be filed within six months next following such alleged illegal act, unless the court upon a showing of cause extends such filing time.

 Print

| PART I ADMINISTRATION OF THE GOVERNMENT |
| TITLE IV CIVIL SERVICE, RETIREMENTS AND PENSIONS |
| CHAPTER 31 CIVIL SERVICE |
| Section 43 Hearings before commission |

Section 43. If a person aggrieved by a decision of an appointing authority made pursuant to section forty-one shall, within ten days after receiving written notice of such decision, appeal in writing to the commission, he shall be given a hearing before a member of the commission or some disinterested person designated by the chairman of the commission. Said hearing shall be commenced in not less than three nor more than ten days after filing of such appeal and shall be completed within thirty days after such filing unless, in either case, both parties shall otherwise agree in a writing filed with the commission, or unless the member or hearing officer determines, in his discretion, that a continuance is necessary or advisable. If the commission determines that such appeal has been previously resolved or litigated with respect to such person, in accordance with the provisions of section eight of chapter one hundred and fifty E, or is presently being resolved in accordance with such section, the commission shall forthwith dismiss such appeal. If the decision of the appointing authority is based on a performance evaluation conducted in accordance with the provisions of section six A and all rights to appeal such evaluation pursuant to section six C have been exhausted or have expired, the substantive matter involved in the evaluation shall not be open to redetermination by the commission. Upon completion of the hearing, the member or hearing officer shall file forthwith a report of his findings with the commission. Within thirty days after the filing of such report, the commission shall render a written decision and send notice thereof to all parties concerned.

If the commission by a preponderance of the evidence determines that there was just cause for an action taken against such person it shall affirm the action of the appointing authority, otherwise it shall reverse such action and the person concerned shall be returned to his position without loss of compensation or other rights; provided, however, if the employee, by a preponderance of evidence, establishes that said action was based upon harmful error in the application of the appointing authority's procedure, an error of law, or upon any factor or conduct on the part of the employee not reasonably related to the fitness of the employee to perform in his position, said action shall not be sustained and the person shall be returned to his position without loss of compensation or other rights. The commission may also modify any penalty imposed by the appointing authority.

Any hearing pursuant to this section shall be public if either party so requests in writing. The person

who requested the hearing shall be allowed to answer, personally or by counsel, any of the charges which have been made against him.

The decision of the commission made pursuant to this section shall be subject to judicial review as provided in section forty-four.

Saturdays, Sundays and legal holidays shall not be counted in the computation of any period of time specified in this section.

 Print

| PART I ADMINISTRATION OF THE GOVERNMENT |
| TITLE IV CIVIL SERVICE, RETIREMENTS AND PENSIONS |
| CHAPTER 31 CIVIL SERVICE |
| Section 44 Judicial review |

Section 44. The commission may institute appropriate proceedings in the superior court for enforcement of its final orders or decisions. Any party aggrieved by a final order or decision of the commission following a hearing pursuant to any section of this chapter or chapter thirty-one A may institute proceedings for judicial review in the superior court within thirty days after receipt of such order or decision. Any proceedings in the superior court shall, insofar as applicable, be governed by the provisions of section fourteen of chapter thirty A, and may be instituted in the superior court for the county (a) where the parties or any of them reside or have their principal place of business within the commonwealth, or (b) where the commission has its principal place of business, or (c) of Suffolk. The commencement of such proceedings shall not, unless specifically ordered by the court, operate as a stay of the commission's order or decision.

 Print

| PART I ADMINISTRATION OF THE GOVERNMENT |
| TITLE IV CIVIL SERVICE, RETIREMENTS AND PENSIONS |
| CHAPTER 31 CIVIL SERVICE |
| Section 45 Reimbursement for defense expenses |

Section 45. A tenured employee who has incurred expense in defending himself against an unwarranted discharge, removal, suspension, laying off, transfer, lowering in rank or compensation, or abolition of his position and who has engaged an attorney for such defense shall be reimbursed for such expense, but not to exceed two hundred dollars for attorney fees for each of the following: (1) a hearing by the appointing authority; (2) a hearing pursuant to section forty-two or forty-three; (3) a judicial review pursuant to section forty-four; and not to exceed one hundred dollars for each of the following: (1) summons of witnesses; (2) cost of stenographic transcript; (3) any other necessary expense incurred in such defense.

Any person seeking such reimbursement shall file with his appointing authority a written application therefor within thirty days after final disposition of his case. The appointing authority shall, within thirty days after receipt of such application, pay such reimbursement from the same source as that from which the salary of the person seeking the reimbursement is paid, but only upon receipt of satisfactory proof that such expenses were actually incurred for the purposes set forth in this section.

Saturdays, Sundays, and legal holidays shall not be counted in the computation of any time period specified in this section.



# ROCKLAND FIRE DEPARTMENT
P.O. BOX 542
360 Union Street
Rockland, MA 02370-0542

Scott F. Duffey, *Chief*
William A. Ferguson, *Deputy Chief*

Phone  (781) 878-2123
Fax      (781) 982-0302

March 5, 2013

Mr. Craig Erickson
83 Pacific Street
Rockland, Massachusetts 02370

Re: Verbal Reprimand

Dear Mr. Erickson,

This letter is to serve as a record of the **verbal reprimand** you received on this date.
You received a verbal reprimand for violation of the <u>Rules and Regulations of the</u>
<u>Rockland Fire Department</u> (dated January 1, 2011), Section 3.7 for failure to complete 39
departmental incident reports for the dates ranging January 1, 2012 through March 5,
2013.

A copy of this letter shall be placed in your personnel file for a period of 1 year in
accordance with Section 4.8(a) of the <u>Rules and Regulations of the Rockland Fire</u>
<u>Department</u> (dated January 1, 2011).

Respectfully,


Scott F. Duffey
Chief of Department



**ROCKLAND FIRE DEPARTMENT**

P.O. BOX 542
360 Union Street
Rockland, MA 02370-0542

Scott F. Duffey, *Chief*
William A. Ferguson, *Deputy Chief*

Phone  (781) 878-2123
Fax     (781) 982-0302

March 29, 2013

Mr. Craig Erickson
83 Pacific Street
Rockland, Massachusetts 02370

Re: Written Reprimand – Missed Mutual Aid

Dear Mr. Erickson,

This shall serve as a **written reprimand** for your actions on the morning of December 26, 2012. At approximately 05:32 Hours on December 26, 2012 you failed to provide the Town of Abington with a mutual aid ambulance upon their request when the Rockland Fire Department Ambulance was available to respond. Your actions could have resulted in a breakdown of the mutual aid system Rockland relies heavily upon. Furthermore, your actions on the morning of December 26, 2012 violate sections 1.14, 1.18 and 2.2 of the Rules and Regulations of the Rockland Fire Department (Dated January 1, 2011).

On December 31, 2012 and January 9, 2013, in response to written, investigative questions, you wrote that you immediately realized your error and attempted to remedy this by placing 2 telephone calls. After a long and thorough investigation I have been unable to confirm if these telephone calls were placed. Since your written responses were made under the pains and penalties of perjury, I am assuming that these responses are truthful. Therefore, due to your attempts to immediately remedy the situation you are receiving a written reprimand only.

This letter of reprimand shall be permanently placed in your personnel file.

Respectfully,

Scott F. Duffey
Chief of Department

I, Craig A. Erickson, confirm that I have received and read this letter of reprimand.

Signature                                              3/29/03.
                                                        Date



# ROCKLAND FIRE DEPARTMENT
P.O. BOX 542
360 Union Street
Rockland, MA 02370-0542

Scott F. Duffey, *Chief*
William A. Ferguson, *Deputy Chief*

Phone  (781) 878-2123
Fax     (781) 982-0302

February 11, 2014

Mr. Craig Erickson
83 Pacific Street
Rockland, Massachusetts 02370

Re: Written Reprimand – Sick Time

Dear Mr. Erickson,

On November 18, 2013, a meeting was held with you and your union representative in my office. During that meeting, you were provided information regarding your excessive use of sick leave. At that meeting, you had used 12 shifts for the period of July 1, 2013 through the date of the meeting. Since that time you have used 18 more shifts. As I noted during our first meeting regarding this subject, your excessive absenteeism for this year is part of a pattern going back at least three years. During that time, your use of sick leave has far exceeded the average for all Rockland firefighters.

At this time, you are receiving a written reprimand for excessive absenteeism for this year. As the collective bargaining agreement grants each firefighter fifteen (15) days per year, your current absenteeism is, by the definition in that agreement, excessive. This level of absenteeism is disruptive to the Fire Department, and jeopardizes our ability to maintain appropriate levels of staffing. You recently called in sick (*incident over door*) which I consider to be frivolous, especially considering your already excessive use of sick leave.

Your poor attendance serves as a poor example for the firefighters assigned to your command. You should be aware that your poor attendance will be considered as part of your performance for any promotional opportunities; therefore, it is in your best interests to improve in that area. I will be monitoring your attendance and use of sick leave closely going forward.

This written reprimand shall serve as notice that a failure to improve your attendance may result in more serious disciplinary action, including, but not limited to suspension without pay, and ultimately termination. If you have any questions or concerns, please feel free to contact me.

This letter of reprimand shall be permanently placed in your personnel file.

Respectfully,

Scott F. Duffey
Chief of Department

I, Craig A. Erickson, confirm that I have received and read this letter of reprimand.

_____
Signature

_____
Date



# ROCKLAND FIRE DEPARTMENT

P.O. BOX 542
360 Union Street
Rockland, MA 02370-0542

Scott F. Duffey, *Chief*
William A. Ferguson, *Deputy Chief*

Phone  (781) 878-2123
Fax     (781) 982-0302

February 28, 2014

Mr. Craig Erickson
83 Pacific Street
Rockland, Massachusetts 02370

Re: Written Reprimand – February 4, 2013 – 109 Market Street Incident

Dear Mr. Erickson,

On February 4, 2014, you responded to an incident located at 109 Market Street. This incident evolved from an electrical supply problem that created a smoke condition throughout the building.

On February 5, 2014, Captain Thomas Heaney addressed a letter to me with concerns of actions you had taken at the Market Street Incident. The two issues raised by Captain Heaney that troubled me the most were the accusations of you freelancing on the fire ground and your failure to properly wear your self-contained breathing apparatus. After discussions with Deputy Chief William Ferguson and Captain Heaney I have concluded that your actions could have placed yourself and all fire department personnel on scene at risk.

From the interviews I conducted, it appears you took it upon yourself to move to areas of the building and also within the building's complex without orders from the Incident Commander and without alerting the Incident Commander of your movement. This is considered freelancing and is a prohibited practice within the Rockland Fire Department. Your freelancing caused you to become separated from your assigned crew (Rockland E-1 with Margolis and Oshry) which could have led to a breakdown in the Incident Command and Accountability systems we rely on. While Firefighters Oshry and Margolis are capable firefighters, your freelancing led to a breakdown in the operations of the department causing at least one of these members to seek leadership elsewhere.

At some point during this incident, Captain Heaney reports that he had to order you to adjust your SCBA which was not being worn properly. This is not the first incident which you have improperly worn your SCABA. On December 5, 2013, after an incident at the Jefferson School, Captain Thomas Heaney verbally counseled you on the appropriate use and wear of the SCBA. Also, During a Department Officer's meeting held on October 3, 2013, which you were present, the appropriate use and wear of SCBA for all department personnel was discussed. You have had prior training on the use of the SCBA and why it should be worn properly. Your failure to properly wear the SCBA could have led to you being hung up or trapped on debris and placing you and those assigned to you in danger.

You are receiving a **written reprimand** for the above noted safety violations.  Your actions on the evening of February 4, 2014 are considered detrimental to the safety of yourself and those working around you.  These actions will not be tolerated!

This letter of reprimand shall be permanently placed in your personnel file.

Respectfully,

Scott F. Duffey
Chief of Department

I, Craig A. Erickson, confirm that I have received and read this letter of reprimand.

_____
Signature

_____2/28/14_____
Date



**ROCKLAND FIRE DEPARTMENT**

P.O. BOX 542
360 Union Street
Rockland, MA 02370-0542

Scott F. Duffey, *Chief*
William A. Ferguson, *Deputy Chief*

Phone (781) 878-2123
Fax    (781) 982-0302

February 25, 2015

Mr. Craig Erickson
56 Hatherly Road
Rockland, Massachusetts 02370

Re: Written Reprimand

Dear Mr. Erickson,

You are receiving a written reprimand regarding your recent performance, which I consider to be conduct unbecoming a superior officer. Specifically you are being reprimanded for your conduct during an incident where you failed to properly direct your group on the fire ground at a mutual aid call. Attached you will find a copy of a letter received from Chief John Nuttall of the Abington Fire Department. In that letter, Chief Nuttall expresses concerns regarding your actions at an Abington fire on January 8, 2015. I met with Chief Nuttall to investigate the allegations in his letter and also spoke with the Whitman Fire Chief, who was also at the scene of the January 8th fire. I have also met with you and the Rockland firefighters who responded with you as part of my investigation into these allegations. After investigating these allegations, I cannot understand why you were unable to execute a clear and direct order from Chief Nuttall, specifically with regard to venting the roof. I was at a loss to explain to Chief Nuttall why the senior lieutenant in this department did not know that the ladder truck should not be parked on the lawn, or how to properly vent a roof.

A ranking officer with your training and experience should certainly have been able to understand and execute a basic order without the questions that occurred. Your leadership failures were of a sufficiently serious nature that Chief Nuttall believes your presence places his firefighters at risk, and jeopardizes the mutual aid relationship that Rockland has enjoyed with Abington for decades.

This written reprimand must be viewed in the context of a prior written reprimand for your conduct on the fire ground at a February 4, 2014 incident on Market Street. In that incident you engaged in conduct that jeopardized your safety and the safety of firefighters under your command. As a lieutenant, I expect that you will direct those under your command in accordance with established fire suppression and safety procedures, as well as orders issued to you by superior officers. You have stated to me on more than one

occasion that you have superior training in incident command and fire suppression tactics. I cannot reconcile your training and experience with your abject failure to properly direct your crew or adhere to the standards that are critical to protect yourself, your crew, and the public.

I consider all of the above conduct to constitute performance that falls far short of what I expect from a ranking officer. You have failed on two occasions to perform your duties in an emergency situation. This most recent incident has caused the fire chief in a neighboring community to question whether the Rockland Fire Department can be relied upon for mutual aid. For many decades we have relied upon our mutual aid partners, particularly the Abington Fire Department. I will not allow your conduct or the conduct of any member of this Department to jeopardize that relationship. You will be held accountable for your actions, whether they occur while working in the Town of Rockland or they occur when serving another community in a mutual aid situation.

This is your second warning for conduct that jeopardizes your safety and the safety of others. In both situations, you failed to direct your subordinates according to established procedures, and engaged in conduct unbecoming a ranking officer of this Department. Going forward, you will be expected to conduct yourself in a manner consistent with your rank in emergency situations. If you are unable to consistently meet your leadership responsibilities, you will be subject to further disciplinary action. That action may include suspensions without pay and/or demotion from the rank of lieutenant.

This letter of reprimand shall be permanently placed in your personnel file.

Respectfully,

Scott F. Duffey
Chief of Department

I, Craig A. Erickson, confirm that I have received and read this letter of reprimand.

_____                    2/25/15
Signature                                   Date



# ROCKLAND FIRE DEPARTMENT
P.O. BOX 542
360 Union Street
Rockland, MA 02370-0542

Scott F. Duffey, *Chief*
David Wooley, *Deputy Chief*

Phone  (781) 878-2123
Fax    (781) 982-0302

March 15, 2016

Mr. Craig Erickson
56 Hatherly Road
Rockland, Massachusetts 02370

Re: Written Reprimand – Failure to obey orders

Dear Mr. Erickson,

On March 8, 2016 you were presented with a written investigation form to be returned to me. The investigation form clearly ORDERED you to have it returned to the Office of the Fire Chief by 08:00 on March 9, 2016.  You failed to obey this order.  Due to your failure perform your duties as directed has resulted in you receiving this written reprimand.  This conduct will not be tolerated.

This written reprimand shall serve as notice that further failures to obey orders shall result in more serious disciplinary action, including, but not limited to demotion to a lower rank, suspension without pay, and ultimately termination. If you have any questions or concerns, please feel free to contact me.

This letter of reprimand shall be permanently placed in your personnel file.

Respectfully,

*Scott F. Duffey*
Scott F. Duffey
Chief of Department

I, Craig A. Erickson, confirm that I have received and read this letter of reprimand.

_____          3/15/16
Signature                        Date



# ROCKLAND FIRE DEPARTMENT
P.O. BOX 542
360 Union Street
Rockland, MA 02370-0542

Scott F. Duffey, *Chief*
David Wooley, *Deputy Chief*

Phone  (781) 878-2123
Fax      (781) 982-0302

March 15, 2016

Mr. Craig Brickson
56 Hatherly Road
Rockland, Massachusetts 02370

Re: Written Reprimand – Failure to properly file incident reports

Dear Mr. Erickson,

On December 24, 2105, a meeting was held with you and your union representative in my office. During that meeting, you were verbally counseled on what was expected of how incident reports from Rockland Fire Department Officers were to be filed. After an investigation, which included reviewing reports of all Rockland Fire Department Officers, it was found that you continue to file incident reports improperly in the Firehouse incident reporting software. You continue to use improper incident codes and incident types while failing to make any attempts at using proper English grammar in the incident narrative section of the reports. Your lack of attention to detail in these reports directly reflects on your lack of caring for the position in which you hold within the rank structure of the Rockland Fire Department. You are receiving this written reprimand for failure to properly file incident reports as well as conduct unbecoming an officer of the Rockland Fire Department.

This written reprimand shall serve as notice that a failure to improve your report writing duties as a Fire Lieutenant shall result in more serious disciplinary action, including, but not limited to demotion to a lower rank, suspension without pay, and ultimately termination. If you have any questions or concerns, please feel free to contact me.

This letter of reprimand shall be permanently placed in your personnel file.

Respectfully,

Scott F. Duffey
Chief of Department

I, Craig A. Brickson, confirm that I have received and read this letter of reprimand.

_____                        3/15/16
Signature                                                      Date



# ROCKLAND FIRE DEPARTMENT
### P.O. BOX 542
### 360 Union Street
### Rockland, MA 02370-0542

Scott F. Duffey, *Chief*
David Wooley, *Deputy Chief*

Phone  (781) 878-2123
Fax    (781) 982-0302

## NOTICE OF SUSPENSION

<u>Via Hand Delivery</u>

December 28, 2016

Mr. Craig A. Erickson
56 Hatherly Road
Rockland, MA 02370

Dear Lieutenant Erickson:

This letter serves as official notice that the Town of Rockland ("Town") has suspended you from your duties as Lieutenant of the Rockland Fire Department for your actions on the evenings of October 31, 2016 and November 2, 2016.

On December 14, 2016, pursuant to G.L. c. 31, § 41, the Town conducted a hearing before Hearing Officer Allan Chiocca to determine whether just cause existed to suspend you for conduct unbecoming a fire lieutenant in relation to Rockland Fire Department Incident Numbers 16-2671 and 16-2688. Please find enclosed the Findings and Recommendations of the Hearing Officer.

Based upon the recommendations of the hearing officer and pursuant to G.L. c. 31, § 41, I am issuing you an unpaid suspension from your position of Fire Lieutenant for a period of forty-eight (48) hours or four (4) shifts of scheduled duty. Said suspension will begin at 8:00 a.m. on January 3, 2017   and remain in effect through 7:59 a.m. on January 6, 2017. You are hereby ordered to refrain from **all** Rockland Fire Department duties and official activities. You will not be eligible for overtime shifts, call back, substitute shifts, details, or any other job related duties during the period of your suspension.

It will be your responsibility to make up any unpaid payroll deductions that occur as a result of this suspension. You can contact Town Treasurer John Ellard with any payroll related questions.

Failure to show immediate and sustained improvement in behavior or performance may result in further disciplinary action up to and including demotion or termination.

Enclosed please find copies of G.L. c. 31, §§ 41-45.

This letter shall be permanently placed in your personnel folder.

Sincerely,

Scott Duffey,
Chief of Department /Appointing Authority

Enclosures:  Hearing Officers Findings and Recommendations
             G.L. c. 31, §§ 41-45